IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JAVIER GUILLEN ISLAS, #34630-058,<br><br>               Plaintiff,<br><br>     v.<br><br>ESTELLA DERR, et al.,<br><br>               Defendants. | Civil No. 22-00179 JAO-RT<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND |

## <u>ORDER DISMISSING FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND</u>

Before the Court is a First Amended Prisoner Civil Rights Complaint

("FAC"), ECF No. 6, filed by pro se Plaintiff Javier Guillen Islas ("Islas") pursuant

to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S.

388 (1971).  Islas alleges that two officials[1] at the Federal Detention Center in

Honolulu, Hawaiʻi ("FDC Honolulu") denied him access to the courts (Count I)

and unlawfully deprived him of property (Count II).  ECF No. 6 at 5–6.  For the

following reasons, the FAC is DISMISSED for failure to state a claim for relief.

---

[1]  Islas names as Defendants Warden Estella Derr ("Warden Derr") and Unit 5A Counselor Dwayne Bautista ("Unit Counselor Bautista" or "Bautista") in their individual capacities.  ECF No. 6 at 1–2.

*See* 28 U.S.C. § 1915A(b)(1).  Because any amendment would be futile, the dismissal is without leave to amend.

## I.   <u>STATUTORY SCREENING</u>

Pursuant to 28 U.S.C. § 1915A(a), the Court is required to screen all civil actions filed by prisoners seeking redress from a government entity or an officer or employee of a government entity.  *See Chavez v. Robinson*, 817 F.3d 1162, 1168 (9th Cir. 2016).  During screening, the Court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint," if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks damages from defendants who are immune from suit.  *See* 28 U.S.C. § 1915A(b); *Byrd v. Phx. Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018).  "If the . . . court determines that any of these grounds is satisfied, it must dismiss the case, and enter a 'strike' against the plaintiff prisoner."  *Byrd*, 885 F.3d at 641 (citations omitted).

Failure to state a claim under 28 U.S.C. § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  Under this standard, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks

and citation omitted).  A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.  *See id.*

During screening, the Court liberally construes pro se litigants' pleadings and resolves all doubts in their favor.  *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).  The Court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint.  *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).  When it is clear a claim cannot be saved by amendment, dismissal with prejudice is appropriate.  *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II.    <u>BACKGROUND</u>[2]

On an unspecified date, Islas was transferred from "GIO Prison, Rivers, North Carolina" ("Rivers Correctional Institution") to FDC Honolulu.  ECF No. 6 at 6.  Before Islas left the Rivers Correctional Institution, he had $1,500.00 in his prison account.  *Id.*  As of May 6, 2022, this money had not been deposited into Islas's account at FDC Honolulu.  *Id.* at 6, 8.  According to Islas, he does not know if the Rivers Correctional Institution failed to transfer the money or if FDC Honolulu failed to credit the money to his account.  *Id.*

---

[2]  At screening, Islas's well-pleaded factual allegations are accepted as true.  *See, e.g.*, *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

During "orientation" at FDC Honolulu, Unit Counselor Bautista told Islas that he should complete a "COP OUT" — that is, an informal complaint — regarding the missing money. *Id.* If Islas submitted an informal complaint as instructed, Bautista stated that "he would correct the problem." *Id.*

Islas submitted informal complaints to unidentified prison officials and a request for administrative remedies to Warden Derr. *Id.* at 5. According to Islas, his complaints and request were ignored. *Id.*

Islas commenced this action by signing his original Complaint on April 4, 2022. ECF No. 1. Before the Court had an opportunity to screen the original Complaint, however, Islas filed the FAC. ECF No. 6. The Court received the FAC on May 11, 2022, *id.*, and the fees associated with this action on May 23, 2022, ECF No. 7.

Islas alleges in Count I that he was denied access to the courts because his informal complaints and request for administrative remedies were ignored. ECF No. 6 at 5. Islas alleges in Count II that he was unlawfully deprived of property because $1,500.00 was not transferred from his prison account at the Rivers Correctional Institution to his account at FDC Honolulu. *Id*. at 6. Islas seeks the return of this $1,500.00 in addition to the $402.00 in fees associated with this action. *Id.* at 8.

### III.   <u>DISCUSSION</u>

**A.    Legal Framework For *Bivens* Claims**

In *Bivens*, the Supreme Court "recognized for the first time an implied right of action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Hernandez v. Mesa*, 582 U.S. ___, 137 S. Ct. 2003, 2006 (2017) (per curiam) (internal quotation marks and citation omitted). *Bivens* involved a suit against individual federal agents who violated the Fourth Amendment's prohibition against unreasonable searches and seizures. *See Bivens*, 403 U.S. at 389–90.  Since *Bivens*, the Supreme Court has expanded this implied cause of action only twice. *See Ziglar v. Abbasi*, 582 U.S. ___, 137 S. Ct. 1843, 1855 (2017) ("These three cases — *Bivens*, *Davis*, and *Carlson* — represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself."); *Davis v. Passman*, 442 U.S. 228 (1979) (suit under the Fifth Amendment's Due Process Clause for gender discrimination by a United States Congressman); *Carlson v. Green*, 446 U.S. 14 (1980) (suit under the Eighth Amendment's Cruel and Unusual Punishment Clause for failure to provide adequate medical treatment by federal prison officials).

The Supreme Court "has made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Abbasi*, 582 U.S. at ___, 137 S. Ct. at 1857 (quoting *Iqbal*, 556 U.S. at 675).  "This is in accord with the Court's observation

that it has 'consistently refused to extend *Bivens* to any new context or new category of defendants.'"[3] *Id.* (quoting *Malesko*, 534 U.S. at 68). Indeed, the Supreme Court has indicated that "if [the Court] were called to decide *Bivens* today, [it] would decline to discover any implied causes of action in the Constitution." *Egbert*, 596 U.S. ___, 2022 WL 2056291, at *11.

In deciding whether a *Bivens* remedy is available, courts first consider whether providing such a remedy is precluded by prior cases in which the Supreme Court or the Ninth Circuit has declined to recognize an implied right of action. *See Lanuza v. Love*, 899 F.3d 1019, 1025 (9th Cir. 2018). If a claim is precluded, that

---

[3] The Supreme Court declined to create a *Bivens* remedy in the following cases: a First Amendment suit against a federal employer, *see Bush v. Lucas*, 462 U.S. 367 (1983); a race discrimination suit against military officers, *see Chappell v. Wallace*, 462 U.S. 296 (1983); a substantive due process suit against military officers, *see United States v. Stanley*, 483 U.S. 669 (1987); a procedural due process suit against Social Security officials, *see Schweiker v. Chilicky*, 487 U.S. 412 (1988); a procedural due process suit against a federal agency for wrongful termination, *see FDIC v. Meyer*, 510 U.S. 471 (1994); an Eighth Amendment suit against a private halfway house operator under contract with the BOP, *see Corr. Servs. Corp. v. Malesko*, 534 U.S. 61 (2001); a claim of retaliation by Bureau of Land Management officials against plaintiff for his exercise of Fifth Amendment property rights, *see Wilkie v. Robbins*, 551 U.S. 537 (2007); a suit under the Fifth, Eighth, and Fourteenth Amendments against United States Public Health Service personnel, *see Hui v. Castaneda*, 559 U.S. 799 (2010); an Eighth Amendment suit against prison guards at a private prison, *see Minneci v. Pollard*, 565 U.S. 118 (2012); a Fifth Amendment suit against Department of Justice officials, *see Abbasi*, 582 U.S. ___, 137 S. Ct. 1843; a Fourth and Fifth Amendment suit against a United States Border Patrol agent, *see Hernandez v. Mesa*, 589 U.S. ___, 140 S. Ct. 739 (2020); and a First and Fourth Amendment suit against a United States Border Patrol Agent, *see Egbert v. Boule*, 596 U.S. ___, 2022 WL 2056291 (2022).

is the end of the matter.  If a claim is not precluded, courts then apply a two-step test.

At step one, courts determine whether a plaintiff is seeking a *Bivens* remedy in a new context.  *See Ioane v. Hodges*, 939 F.3d 945, 951 (9th Cir. 2018).  The context is new "[i]f the case is different in a meaningful way from previous *Bivens* cases decided by [the Supreme Court]."  *Abbasi*, 582 U.S. at ___, 137 S. Ct. at 1859.  If the plaintiff is seeking a *Bivens* remedy in a new context, then courts proceed to the second step.

At step two, courts may extend *Bivens* only if two conditions are met.  First, "a court may not fashion a *Bivens* remedy if Congress already has provided, or has authorized the Executive to provide, 'an alternative remedial structure.'"  *Egbert*, 596 U.S. at ___, 2022 WL 2056291, at *6 (citations omitted)).  "So long as Congress or the Executive has created a remedial process that it finds sufficient to secure an adequate level of deterrence, the courts cannot second-guess that calibration by superimposing a *Bivens* remedy."  *Id.* at ___, 2022 WL 2056291, at *9.  "Second, if a claim arises in a new context, a *Bivens* remedy is unavailable if there are 'special factors' indicating that the Judiciary is at least arguably less equipped than Congress to 'weigh the costs and benefits of allowing a damages action to proceed.'"  *Id.* at ___, 2022 WL 2056291, at *6 (citation omitted).  "If there is even a single 'reason to pause before applying *Bivens* in a new context,' a

7

court may not recognize a *Bivens* remedy." *Id.* (citation omitted).  Although the Supreme Court has yet to define the term, "special factors," it has explained that "the inquiry must concentrate on whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed." *Abbasi*, 582 U.S. at ___, 137 S. Ct. at 1857–58.

The Supreme Court has stated that the two-step test often resolves to a single question:  "whether there is *any* rational reason (even one) to think that *Congress* is better suited to 'weigh the costs and benefits of allowing a damages action to proceed.'" *Egbert*, 596 U.S. at ___, 2022 WL 2056291, at *6, 8 (citation omitted). "Put another way, 'the most important question is who should decide whether to provide for a damages remedy, Congress or the courts?'" *Id.* at ___, 2022 WL 2056291, at *5 (citation omitted).  "If there is a rational reason to think that the answer is 'Congress' — as it will be in most every case, no *Bivens* action may lie." *Id.* (citation omitted).  Thus, "if there is any reason to think that 'judicial intrusion' into a given field might be 'harmful' or 'inappropriate,'" or "even if there is the '*potential*' for such consequences, a court cannot afford a plaintiff a *Bivens* remedy." *Id.* at ___, 2022 WL 2056291, at *8 (citations omitted).

**B.    Access To Court Claim**

Islas alleges in Count I that he was denied access to the courts because his informal complaints and request for administrative remedies were ignored.  ECF No. 6 at 5.

"The First Amendment guarantees a prisoner a right to seek redress of grievances from prison authorities and . . . a right of meaningful access to the courts." *Jones v. Williams*, 791 F.3d 1023, 1035 (9th Cir. 2015) (citations omitted).  The Supreme Court, however, has never recognized a *Bivens* remedy for First Amendment claims, *see Reichle v. Howards*, 566 U.S. 658, 663 n.4 (2012); and the Ninth Circuit has declined to extend *Bivens* to access to court claims in various contexts.  *See Vega v. United States*, 881 F.3d 1146, 1153–55 (9th Cir. 2018) (declining to expand *Bivens* remedy to include access to court claims against private defendants under the First Amendment); *Schwarz v. Meinberg*, 761 F. App'x 732, 733–34 (9th Cir. 2019) ("We decline to extend *Bivens* remedies to [the plaintiff's] claims — unsanitary cell conditions, access to courts, and request for placement in a camp facility — because these claims do not fall within claims authorized by the Supreme Court." (citation omitted)).

District courts, therefore, have consistently concluded that no *Bivens* remedy exists for access to court claims.  *See, e.g.*, *Camillo-Amisano v. Fed. Bureau of Prisons*, No. 2:17-cv-06634-ODW-JDE, 2019 WL 8138040, at *5 (C.D. Cal. Oct.

4, 2019) ("The Court declines to find a private right of action for Plaintiff's denial of access to courts claim under *Bivens*[.]"), *report and recommendation adopted*, No. CV 17-06634-ODW (JDE), 2019 WL 8137708 (C.D. Cal. Nov. 12, 2019); *Moore v. United States*, Case No.: 1:20-cv-00451-NONE-SAB (PC), 2020 WL 3265874, at *4 (E.D. Cal. June 17, 2020) ("[T]he Court . . . declines to find an implied *Bivens* cause of action under the First Amendment for the denial of access to the courts." (citation omitted)), *report and recommendation adopted*, Case No.: 1:20-cv-00451-NONE-SAB (PC), 2020 WL 6060869 (E.D. Cal. Oct. 14, 2020); *see also Free v. Peikar*, Case No. 1:17-cv-00159-AWI-MJS (PC), 2018 WL 1569030, at *2 (E.D. Cal. Mar. 30, 2018) ("Nationwide, district courts seem to be in agreement that, post-*Abbasi*, prisoners have no right to bring a *Bivens* action for violation of the First Amendment." (citations omitted)).

Even if a *Bivens* remedy exists for an access to court claim, Islas fails to state a plausible claim for relief. "To establish a violation of the right of access to the courts, a prisoner must establish that he or she has suffered an actual injury." *Nev. Dep't of Corr. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing *Lewis v. Casey*, 518 U.S. 341, 349 (1996)). "Actual injury is a jurisdictional requirement that flows from the standing doctrine and may not be waived." *Id.* (citation omitted). "It is actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id.* (internal

quotation marks and citation omitted).  Failing to allege that a nonfrivolous legal claim has been frustrated is fatal to an access to court claim.  *See Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008).

Here, Islas cannot allege that Warden Derr's or Bautista's actions frustrated a nonfrivolous legal claim.  Indeed, Islas has already filed two pleadings in this suit.  Although ignoring Islas's informal complaints and his request for administrative remedies might have delayed Islas's ability to proceed through the BOP's administrative remedy program and slowed his ability to exhaust his administrative remedies, this does not satisfy the actual injury requirement.  *See Kerch v. Johnson*, Civil Action No. 5:17-CV-108 (MTT), 2018 WL 844416, at *2 n.4 (M.D. Ga. Feb. 13, 2018) ("[B]ecause the alleged interference with the grievance procedure did not prevent the Plaintiff from bringing suit in court, he has suffered no actual injury."); *Jose-Nicolas v. Butler*, Case No. 16-cv-00402-MJR, 2016 WL 2643347, at *3 (S.D. Ill. May 10, 2016) (dismissing access to court claim where the plaintiff "was not prevented from filing [an] action in a timely manner, and he describe[d] no actual legal detriment that he suffered as a result of [the defendant's] conduct").

To the extent Islas suggests that he could not appeal to the BOP's regional office until Warden Derr denied his request for administrative remedies in writing, ECF No. 6 at 5, that is not so.  The BOP's administrative remedy program consists

of the following four steps: (1) presenting an issue of concern informally to staff, *see* 28 C.F.R. § 542.13(a); (2) submitting a formal request for administrative remedies to a facility's warden, *see* 28 C.F.R. 542.14(a); (3) appealing to the appropriate Regional Director, *see* 28 C.F.R. § 542.15(a); and (4) appealing to the BOP's General Counsel, *see id.  See Seina v. Fed. Det. Ctr.-Honolulu*, Civ. No. 16-00051 LEK-KJM, 2016 WL 6775633, at *5 (D. Haw. Nov. 15, 2016) (describing the BOP's four-step administrative remedy procedure).

In general, a warden has 20 days to respond, the Regional Director has 30 days to respond, and the General Counsel has 40 days to respond.  *See* 28 C.F.R. § 542.18.  These deadlines can be extended, with written notice provided to the inmate.  *See id.*  "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level."  *Id.*  Thus, Islas only needed to wait the allotted time before he appealed to the next level, not until he received a written response from Warden Derr.  *See Ghost Dancer v. McGrew*, No. CV 15-3164 DSF (GJSx), 2019 WL 8198194, at *3 (C.D. Cal. Aug. 13, 2019) ("The only sensible reading of § 542.18 . . . is that if the inmate does not receive a response . . . an inmate may consider the absence of a response to be a denial at that level." (footnote omitted)).

Islas's access to court claim is DISMISSED.  Because any amendment would be futile, this dismissal is without leave to amend.  *See Sylvia Landfield Tr.*, 729 F.3d at 1196.

## C.   Property Deprivation Claim

Islas alleges in Count II that he was wrongfully deprived of his property because $1,500.00 was not transferred from his account at the Rivers Correctional Institution to FDC Honolulu.  ECF No. 6 at 6.

Islas's claims in Count II present a new *Bivens* context.  The Court declines to decide whether "special factors" caution against extending *Bivens* to Islas's due process claim during screening pursuant to 28 U.S.C. § 1915A, without briefing by the parties upon a motion either to dismiss or for summary judgment.  *See Williams v. Kobayashi*, Civ. No. 1:18-cv-00336 DKW-RLP, 2018 WL 5258614, at *7 (D. Haw. Oct. 22, 2018) (declining to decide during screening whether special factors cautioned against extending *Bivens* to substantive due process claims).

But even assuming, for purposes of screening, that a *Bivens* remedy does exist, Islas fails to state a claim in Count II.  The Due Process Clause of the Fifth Amendment provides that no one shall "be deprived of life, liberty, or property without due process of law."  U.S. Const. amend. V.  It is well established, however, that a prisoner cannot state a constitutional claim for deprivation of property where the government provides an adequate post-deprivation remedy.

13

*See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("[W]e hold that an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."); *Raditch v. United States*, 929 F.2d 478, 481 (9th Cir. 1991) ("Although *Hudson* involved § 1983 and the Fourteenth Amendment, the same due process principles apply to the federal government through the Fifth Amendment." (citation and footnote omitted)).

Here, the BOP's administrative remedy program provides a meaningful post-deprivation remedy to Islas for the alleged property deprivation. *See Panschow v. Murillo*, Case No. 5:19-cv-02446-DSF-AFM, 2020 WL 292182, at *2 (C.D. Cal. Jan. 17, 2020) ("An adequate post-deprivation remedy for federal prisoners exists in the form of the BOP's administrative remedy program." (citation omitted)); *Douglas v. BOP Dir.*, Case No. 5:19-cv-01015-R (MAA), 2019 WL 6170734, at *3 (C.D. Cal. Nov. 20, 2019) ("A meaningful remedy exists through the Prison Administrative Remedy Program." (citation omitted)); *Larkin v. Watts*, Case No. CV 07-7126-VAP(RC), 2008 WL 11472156, at *3 (C.D. Cal. Apr. 14, 2008) ("[T]he BOP's grievance procedure, 28 C.F.R. §§ 542.10 *et seq.*, provides that adequate post-deprivation remedy." (footnote and citation omitted)),

14

*report and recommendation adopted*, No. CV 07-7126-VAP(RC), 2008 WL

11472155 (C.D. Cal. June 5, 2008), *aff'd*, 300 F. App'x 501 (9th Cir. 2008).

Count II is therefore DISMISSED.  Because any amendment would be

futile, this dismissal is also without leave to amend.  *See Sylvia Landfield Tr.*, 729

F.3d at 1196.

### IV.   <u>28 U.S.C. § 1915(g)</u>

Islas is notified that this dismissal may count as a "strike" under 28 U.S.C.

§ 1915(g).  Under this "3-strikes" provision, a prisoner may not bring a civil action

or appeal a civil judgment in forma pauperis,

> if the prisoner has, on 3 or more prior occasions, while
> incarcerated or detained in any facility, brought an action or
> appeal in a court of the United States that was dismissed on the
> grounds that it is frivolous, malicious, or fails to state a claim
> upon which relief may be granted, unless the prisoner is under
> imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

### V.   <u>CONCLUSION</u>

(1) The First Amended Complaint, ECF No. 6, is DISMISSED for failure to

state a claim pursuant to 28 U.S.C. § 1915A(b).

(2) Because any amendment would be futile, the First Amended Complaint

is DISMISSED without leave to amend, and this dismissal may later constitute a

strike under 28 U.S.C. § 1915(g).

15

(3) The court CERTIFIES that an appeal from this Order would be frivolous and therefore, not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).  *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir.1977) (stating that indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

(4) The Clerk is DIRECTED to enter judgment and close this case.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaiʻi, June 24, 2022.



Jill A. Otake
United States District Judge

Civil No. 22-00179 JAO-RT, *Islas v. Derr, et al.*; ORDER DISMISSING FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND